CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shirley Lindsay**,<br><br>    Plaintiff,<br><br>    v.<br><br>**William Holmes**; and Does 1-10,<br><br>    Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

   Plaintiff Shirley Lindsay complains of Defendants William Holmes; and Does 1-10 ("Defendants") and alleges as follows:

   **PARTIES:**

   1. Plaintiff is a California resident with physical disabilities. She suffers from arthritis (osteoarthritis of multiple joints; spinal stenosis of the lumbar spine; and essential hypertension) of her hands, knees, and hips. She uses both a cane and wheelchair for mobility.

   2. Defendants are, or were at the time of the incidents, the real property owners, business operators, lessors and/or lessees for 7-Eleven store ("Store") located at or about 17710 Saticoy Street, Reseda, California.

1

3. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

7. The Plaintiff went to the Store in January 2015 to shop.

8. The Store is a facility open to the public, a place of public accommodation, and a business establishment.

9. Parking spaces are one of the facilities, privileges and advantages

Complaint

offered by defendants to their customers at the Store.

10. The parking stall and access aisles for use by persons with disabilities are not level because there are slopes that are about 5% in the access aisle and parking space.

11. The plaintiff personally encountered this problem. This inaccessible condition denied the plaintiff full and equal access and caused her difficulty and frustration.

12. Plaintiff would like to return and patronize the Store but will be deterred from visiting until the defendants cure the violations. Plaintiff's knowledge of the barriers prevents her from returning even though she would like to visit -- and has wanted to visit -- the Store. Indeed, plaintiff lives in Los Angeles County and shops, eats, and otherwise patronizes businesses throughout the County. This Store is conveniently located for plaintiff.

13. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

14. Given the obvious and blatant violations, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2007) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

15. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and

dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

16. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

17. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are

readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

18. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions. 1991 Standards § 4.6.2. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards502.4. "Access aisle are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. No more than a 1:48 slope is permitted. 2010 Standards § 502.4. Here the failure to provide level parking is a violation of the law.

19. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

20. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

21. Given its location and options, the Store is a business that the plaintiff will continue to desire to patronize but she has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

5

Complaint

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

22. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

23. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

24. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

Complaint

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: April 20, 2015                   CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

Complaint